IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THEOPLIC WILLIAMS III,**<br>c/o Friedman, Gilbert + Gerhardstein<br>50 Public Square, Suite 1900<br>Cleveland, Ohio 44113<br><br>    Plaintiff,<br><br>-vs-<br><br>**LIEUTENANT PATRICK O'CALLAHAN,**<br>c/o ORANGE VILLAGE POLICE DEPARTMENT<br>4600 LANDER ROAD<br>CHAGRIN FALLS, OHIO 44022<br><br>AND,<br><br>**LIEUTENANT JOHN PATTERSON,**<br>c/o WOODMERE POLICE DEPARTMENT<br>27899 CHAGRIN BLVD<br>WOODMERE, OHIO 44122<br><br>    Defendants. | **Case No.**<br><br>**Judge**<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Theoplic Williams, for his Complaint against Defendant Orange Village Police Lieutenant Patrick O'Callahan and Defendant Woodmere Police Lieutenant John Patterson, alleges as follows:

### INTRODUCTION

1. This is a civil rights action. On October 7, 2021, Defendant Patterson, a Lieutenant in the Woodmere Police Department aggressively and without justification attacked Plaintiff Theoplic "Theo" Williams, a young Black man who was in possession of a legal firearm. Terrified for his life, Theo scurried away from Defendant Patterson. Defendant

O'Callahan, a Lieutenant in the Orange Village Police Department, pursued Theo into a nearby yard where he shot at Theo five times, hitting him three times, within seconds of encountering him. Theo did not have his gun in his hands, did not point the gun at Defendant O'Callahan and never presented any threat to either Defendant or anyone else. This shooting was wholly unjustified and violated Theo's rights under the U.S. Constitution and Ohio law, and caused Theo serious and permanent injuries. Plaintiff brings this case to seek fair compensation and to deter Defendants from continuing to engage in unreasonable seizures and deadly force.

## JURISDICTION AND VENUE

2. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq; the Judicial Code, §§1331 and 1343(a); and the Constitution of the United States.

3. Supplemental jurisdiction over the related state law claims is invoked pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District under 28 U.S.C. §1391(b). The parties reside, or at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claim also occurred in this judicial district.

## PARTIES

5. Plaintiff Theoplic Williams, at all times relevant to the allegations made in the complaint, resided in Cuyahoga County, Ohio.

6. Defendant Lieutenant Patrick O'Callahan, was at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the Orange Village Police Department, acting within the scope of his employment and under the color of state law. He is sued in his individual capacity.

7. Defendant Lieutenant John Patterson, was at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the Woodmere Police Department, acting within the scope of his employment and under the color of state law. He is sued in his individual capacity.

### FACTS

8. On October 7, 2021, Plaintiff Theoplic "Theo" Williams, a twenty-two-year-old Black man, sat on a curb outside of the Eton shopping center in Woodmere.

9. A woman called 911, claiming she saw Theo in possession of a gun. She did not claim that he was brandishing or pointing the gun, or using it in any unlawful manner.

10. Theo did have a legal gun, however he never brandished, pointed, or used it in any unlawful manner.

11. Defendant Lieutenant John Patterson of the Woodmere Police Department responded.

12. When Defendant Patterson arrived, he parked his unmarked police SUV with ghost decals out of Theo's sight, and approached Theo, who was still sitting on the curb in the parking lot.

13. Defendant Patterson did not speak to Theo or announce his presence.

14. Instead, without warning, he immediately jumped onto Theo's body attempting to restrain him with unauthorized force.

15. Defendant Patterson continued his unjustified attack on Theo for some time, squeezing him, throwing him up against cars, applying a full nelson restraint, and taking Theo to the ground.

16. Theo never presented a threat to Defendant Patterson or anyone else.

17. Scared and confused, Theo slipped away from Defendant Patterson and tried to get away.

18. Defendant Patterson radioed for assistance in chasing Theo.

19. Defendant Lieutenant Patrick O'Callahan of the Orange Village Police Department was driving his car when he heard the call and responded.

20. Defendant O'Callahan parked his cruiser, stepped out, and spotted Theo.

21. He then followed Theo into the driveway of an abandoned residence.

22. Seconds after he exited his cruiser, Defendant O'Callahan shot at Theo multiple times, striking Theo three times.

23. Theo suffered life threatening gunshot wounds to his chest, upper back, and foot.

24. Theo did not pose a threat of death or great bodily harm to Defendant O'Callahan or anyone else to justify this use of deadly force. Theo never pointed a gun at Defendant O'Callahan or even had his legal firearm in his hands.

25. Theo was transported to the hospital by ambulance. He survived two emergency surgeries and was hospitalized for weeks.

26. As a result of this attack and shooting, Theo suffers from serious and permanent physical injuries and continuing psychological trauma.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 Claim for Unconstitutional Seizure**

27. All of the foregoing paragraphs are incorporated as though fully set forth here.

28. The actions of Defendant Officers Patterson and O'Callahan, as alleged in the preceding paragraphs, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due

process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint.

29. Theoplic Williams was subjected to the use of excessive force in violation of his Fourth Amendment rights.

30. The actions of the Defendant Officers as alleged in this count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of Theoplic Williams' injuries.

31. Defendants are jointly and severally liable for this conduct.

### SECOND CLAIM FOR RELIEF
### State Law Claim for Assault and Battery

32. All of the foregoing paragraphs are incorporated as though fully set forth here.

33. Defendants Patterson's and O'Callahan's conduct created in Theoplic Williams the apprehension of an imminent, harmful, and offensive touching and constituted a harmful and offensive touching, made knowingly and without legal justification, causing him injuries.

34. Defendants are jointly and severally liable for this conduct.

### THIRD CLAIM FOR RELIEF
### State Law Claim for Negligence—Reckless Conduct

35. All of the foregoing paragraphs are incorporated as though fully set forth here.

36. At all times relevant herein, Defendants had a duty to the public at large, including Theoplic Williams, to exercise due care and to act in a lawful and reasonable manner and to not act in a willful, wanton, reckless, negligent, intentional, and malicious manner.

37. Defendants owed Theoplic Williams a duty of care, they breached that duty, and their breach of duty was the direct and proximate cause of Theo's suffering.

38. Defendants acted negligently and recklessly when they violated their duty to exercise due care for Theoplic Williams.

39. At all times relevant herein, Defendants knew or should have known that their conduct would or could cause serious physical injury to Theoplic Williams and they disregarded that knowledge.

40. Defendants' conduct directly and proximately caused the injuries and damages suffered by Theoplic Williams as described above and are jointly and severally liable for this conduct.

### FOURTH CLAIM FOR RELIEF
### State Law Claim for Intentional Infliction of Emotional Distress

41. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

42. Defendants engaged in extreme and outrageous behavior as alleged in this Complaint.

43. Defendants intended such conduct to inflict severe emotional distress upon Theoplic Williams. Defendants knew thier conduct would cause Theoplic Williams serious emotional distress, which was of a nature that no reasonable person could be expected to endure. Defendants' conduct did, in fact, cause such distress, and as a direct and proximate result of Defendants' outrageous conduct, Theoplic Williams was injured and suffered and continues to suffer actual damages.

### PRAYER FOR RELIEF

Plaintiff demands that judgement be entered in his favor on all counts and prays the Court award the following relief:

A. Actual and/or compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial;

C. Declaratory and injunctive relief;

D. Attorneys' fees and the costs of this action pursuant to law; and

E. All other relief which this Court deems proper and just.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

*s/ Sarah Gelsomino*
Sarah Gelsomino (0084340)
Marcus Sidoti (0077476)
Elizabeth Bonham (0093733)
FRIEDMAN, GILBERT + GERHARDSTEIN
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
sarah@FGGfirm.com
marcus@FGGfirm.com
elizabeth@FGGfirm.com

Jacqueline Greene (0092733)
FRIEDMAN, GILBERT + GERHARDSTEIN
35 E. 7th Street, Suite 201
Cincinnati, Ohio 45202
T: 513-572-4200
F: 216-621-0427
jacqueline@FGGfirm.com

*Counsel for Plaintiff*

Dated: October 6, 2022