## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

**THEOPLIC WILLIAMS III,**      :
     :
        Plaintiffs,      :     Case No. 1:22-cv-1799
     :
       v.      :     Judge David A Ruiz
     :
**PATRICK O'CALLAHAN,** *et al.,*      :
     :
        Defendants.      :
     :

### PLAINTIFF'S OPPOTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME

Plaintiff respectfully submits this Opposition to Defendants' Motion to Extend the Rebuttal Expert Report Deadline (ECF No. 16) in the above-captioned case. Plaintiff asks the Court to DENY Defendants' Motion and to re-set the dispositive motions deadline in this case at April 15, 2024. The reasons in support of Plaintiff's position are more fully set forth below.

### I.    Relevant Procedural Background

Plaintiff filed this federal civil rights case on October 6, 2022, against two police officer Defendants who tackled and shot him. On February 17, 2023, this Court set its case management order based upon the parties' joint projected needs for discovery and expert witness disclosures and set a dispositive motions deadline of January 16, 2024. (ECF No. 13.) Counsel for the parties diligently cooperated over the course of the litigation, and jointly sought two limited extensions of the case schedule to complete discovery. (ECF Nos. 14, 15.) As a result, the current case calendar has a discovery cutoff of March 18, 2024 and a dispositive motions deadline of April 15, 2024. (Notation Order September 14, 2023.)

This winter, while the discovery period was still open, counsel for the parties made extrajudicial agreements regarding the disclosure and discovery of expert witnesses. The parties

1

agreed to postpone all expert witness depositions until 60 days before trial in order to conserve fees and resources unless necessary. (*See* emails attached as Exhibit 2.) In addition, the parties agreed to a 3-week extension of time to produce expert reports. (*See* emails attached as Exhibit 1.) Pursuant to this agreement, Plaintiff timely produced his expert reports on January 8, 2024. Then, when it was time for Defendants to produce their expert witness reports, Defense counsel sought another *five* week extension, until the March 18, 2024 close of all discovery, to do so. Plaintiff's counsel again agreed to a second informal extension. (Exh. 2.) In each case, the premise of Plaintiff's counsel's informal agreement was that the extensions of time would afford a courtesy to counsel without delaying the rest of the case schedule, which would have prejudiced Plaintiff.

Despite obtaining two joint extensions of the case schedule, then two more extensions of their expert deadline totaling 8 weeks, on February 8, 2024 Defense counsel sought *another* extension of their expert report deadline, which Plaintiff finally opposed. This time, Defendants sought an extension until April 18, 2024, which is after the dispositive motions deadline. (*See* Exh. 1, emails between counsel.) Moreover, even though Defendants made this request weeks after their original deadline, they for the first time sought to schedule and conduct a time-consuming and invasive psychological evaluation of the Plaintiff, also outside of the discovery period. Because of the prejudice that this late-requested, unexpected, and burdensome proposal would have on Plaintiff himself and because of the delay it would cause of the case schedule, counsel opposed the request. Then, without further consultation and nearly a month later, Defense counsel filed their opposed Motion for an extension (ECF No. 16).

Defendants' Motion and the exhibits attached in support do not fully explain the above circumstances, nor make Plaintiff's opposition clear to the Court. Moreover, the Motion's contents are inadequate to meet Defendants' burden to obtain an extension as a matter of law. For these reasons, Plaintiff asks the Court to deny Defendants' Motion.

## II.       Law & Argument

When a party misses the deadlines that a Court establishes in its scheduling orders and seeks to modify those deadlines, that party has the burden to demonstrate good cause under Federal Rule of Civil Procedure 16. Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration ... is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625). In other words, for Defendants to demonstrate good cause to extend the case deadlines here, they must show that they were diligent in their attempts to meet the prior deadlines and that an extension will not prejudice Plaintiff. Defendants do not show—nor do they attempt to show—that they satisfy either requirement here.

As a threshold matter, Defendants do not discuss the applicable legal standard required to carry their motion, let alone cite fact or law or make arguments to support a showing of good cause. For this reason, Defendants fail to meet their burden to demonstrate good cause, and the Court should deny their motion on this basis. *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir.1997) (failure to assert an argument in primary motion constitutes waiver)*; Blue v. Coca–Cola Enterprises, Inc.,* 43 F. App'x 813, 816 (6th Cir. 2002) (same).

With respect to the Rule 16 standard, Defendants were not diligent in attempting to meet the deadline they seek to change, and further delay will prejudice Plaintiff. As set forth above, Defendants first delayed their expert report deadline multiple times with Plaintiff's increasingly reluctant cooperation. Only after Plaintiff had already agreed to 8 weeks of additional time did Defendants for the first time raise their proposal to conduct an invasive medical examination of Plaintiff. By the time Defendants apparently explored this option, their preferred expert was not available until April, after the all-discovery cutoff in the case. Such an extension would necessitate delaying the dispositive motions deadline, and thus the disposition of the case, while requiring Plaintiff to plan for and submit to a late and previously-not-noticed psychological examination. Had Defendants exercised diligence in seeking such an expert, and attempting to work with Plaintiff to schedule this, in advance, Defendants would not be in this position and Plaintiff may not face this level of prejudice. At this stage, however, the burden of the examination and the delay it would cause in the case are prejudicial. Finally, it bears noting that the deadlines in place and the parties' prior dealings were not unreasonable when the parties did exercise reasonable diligence; indeed, Defendants did timely produce other expert disclosures including rebuttal experts regarding use of force and police practices. In these ways, Defendants did not meet their burden to demonstrate that they were unable to meet deadlines despite their own diligence. Moreover, the delay that Defendants seek would prejudice Plaintiff. For these reasons, the Court should deny Defendants' Motion. *Accord Miller v. Pep Boys,* No. 2:19-cv-2083, 2021 WL 8651748, at *2 (S.D. Ohio Oct. 21, 2021) (denying motion for extension of expert deadlines where movant failed to explain why he could not have met expert disclosure deadline); *Mitchell v. Ohio State University,* No. 2:19-cv-4162, 2024 WL 93199, at *3 (S.D. Ohio Jan. 9, 2024) (similar, collecting cases).

### III.     Conclusion

For the foregoing reasons, Plaintiff asks the Court to DENY Defendants' Motion to Extend Rebuttal Expert Deadline (ECF No. 16) and asks that the Court re-set the April 15, 2024 dispositive motions deadline as the applicable motions deadline. Plaintiff understands that the Court granted Defendants' Motion by notation order and already re-set the case deadlines, on March 14, 2024. (*See* Notation Order of same date.) However, because Defendants filed their Motion on March 5, 2024, Plaintiff respectfully submits that the Court ruled before Plaintiff's time to oppose had run under Local Rule 7.1(d). Therefore, Plaintiff requests that the Court consider Plaintiff's Opposition, reconsider its prior notation order, and grant the above-requested relief.

Respectfully submitted,

*/s/ Elizabeth Bonham*
Sarah Gelsomino (0084340)
Marcus Sidoti (0077476)
Elizabeth Bonham (0093733)
FRIEDMAN, GILBERT + GERHARDSTEIN
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216.241.1430
F: 216.621.0427
sarah@FGGfirm.com
marcus@FGGfirm.com
elizabeth@FGGfirm.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on March 19, 2024 I filed the foregoing joint motion using the Court's CM/ECF system and that all counsel of record will receive service through that system.

*/s/Elizabeth Bonham*
Elizabeth Bonham (0093733)
One of the attorneys for Plaintiff